## TIMKEN–DETROIT AXLE CO. v. AUTOMOTIVE PARTS CO.

### No. 7698.

Circuit Court of Appeals, Sixth Circuit.

Dec. 9, 1937.

· F. O. Richey, of Cleveland, Ohio (Wm. A. Strauch, of Washington, D. C., Richey & Watts, of Cleveland, Ohio,· and Strauch & Hoffman, of Washington, D. C., on the brief), for appellant.

Arthur C. Denison, of Cleveland, Ohio (Fay, Oberlin & Fay and Baker, Hostetler, Sidlo & Patterson, all of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

There being no evidence in the record on the former appeal of any replacements of special parts or of· the circumstances under which any part had been sold, this court set aside the injunction and remanded the cause to the District Court to hear proofs and determine whether the carrying out of the defendant's intention, as alleged in its answer, to continue to supply parts for corresponding parts in the patented construction would constitute contributory infringement as defined in the opinion (Automotive Parts Co. v. Wisconsin Axle Co. (C.C.A.) 81 F.2d 125). In view of that intention, the court, looking to the future, thought it fair to place upon the defendant the burden of showing that its contemplated sales would not be infringement. It was accordingly held that, unless the defendant offered evidence on the rehearing to show that the parts which it contemplated selling would be sold for no other purpose than repairs as defined in the opinion, the court should permanently enjoin it from making or selling them for any purpose.· After the remand the defendant amended its answer and alleged that it had never sold or offered to sell any of the parts of the axle except the beveled gear pairs and the half axle shafts, that it had never sold either of those parts except to an axle owner who said that the corresponding part in his axle was broken or worn out, and that future sales which it desired and intended to make would be limited to owners who so stated.

As evidence of its intention not to make sales for constructing or reconstructing the axle, defendant introduced proofs to show that it had never sold any of the parts except the gear pairs and half axles, had never sold those parts together to the same purchaser or to any purchaser whom it knew or had reason to believe was engaged in constructing or reconstructing an axle. Witnesses for the defendant included its officers and store managers who sold the parts. These witnesses testified that many sales of the parts are made over a counter to replace a broken or worn-out part which is brought in and exhibited to the seller by the person desiring to make the purchase.

The court found that the defendant had never sold or offered to sell any part of the axle except the gear pair and half axle, that it had never sold both of those parts to the same purchaser at the same time, that it had never sold either one or the other with any knowledge or reason to suppose that the purchaser intended to use it for replacement in an axle in which the other parts were also to be replaced, and that it had no intention of making future sales except to the extent and in the manner in which it had made them in the past. It further found that, where the owner of an axle replaces a broken or worn-out gear pair or half axle by a corresponding new part without making any other replacement, the new part after replacement does not so dominate the structural substance of the axle as to make it characteristically new. From these findings the court concluded that the intention

of the defendant to carry and offer for sale the beveled gear pairs and half axles did not constitute threatened contributory infringement, and dismissed the bill. We think its findings and conclusions are right.

The decree is affirmed.