**NATIONAL–STANDARD COMPANY,**
**Plaintiff-Appellant,**

v.

**UOP, INC., Defendant-Appellee.**

**No. 79–1973.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 11, 1980.
Decided Feb. 22, 1980.

Martin E. Goldstein, New York City, for plaintiff-appellant.

Albert W. Bicknell, Chicago, Ill., for defendant-appellee.

Before SWYGERT, PELL and TONE, Circuit Judges.

PER CURIAM.

Plaintiff is the exclusive licensee of a combination patent on an apparatus for

classifying fine-grained solids in wet condition (U.S. Patent No. 3,519,130). It manufactures and sells the apparatus without restrictions as to its use to customers in the coal industry who employ it in drawing off fine particles from slurry. The device sells for approximately $15,000.

A component of the patented combination is an inverted conical sieve, which must be periodically replaced during the life of the device. In addition to the sieve, the patented combination includes a plurality of tangential fluid inlets and a circular guiding trough for gravitationally receiving material to be classified and depositing the material and washing liquid into the upper portions of the sieve. Plaintiff's device also contains a discharge outlet and an effluent collection box; these elements are not part of the patented combination. Defendant sells replacement sieves for the device to customers of plaintiff. In contrast to the $15,000 price of the entire device, these replacement sieves cost about $5,000, whether purchased from defendant or plaintiff.

The district court entered a summary judgment in favor of defendant after determining (1) that only the combination and not the sieve is patented, (2) that the customer who purchases the replacement sieve from defendant is not a direct infringer because he is only exercising his right of permissible repair, and (3) that defendant's manufacture and sale of replacement screens was not contributory infringement or inducement of infringement because the prerequisite direct infringement was lacking. Judge McGarr's opinion understandably emphasized the first part of the foregoing reasoning because of the manner in which the case was presented in the district court.

Plaintiff does not now dispute the correctness of the district court's determination that only the combination is patented. It argues, however, that the sale of replacement screens to customers constitutes contributory infringement and inducement of infringement because the customers, when they replace the sieves, are rebuilding the patented devices and not merely repairing them. It is argued that the sieve "is a major part of the claim and is not a staple article of commerce." Reliance is placed upon 35 U.S.C. § 271(c), which provides liability for contributory infringement.

■■■ There can be no contributory infringement in the absence of a direct infringement. *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592 (1961) (*Aro I*). Section 271(c), on which plaintiff relies, presupposes a direct infringement to which the contributory infringement pertains. *Id.* The sale of a device by plaintiff to a customer carried with it an implied license to use the device and to preserve its fitness for continued use by repair, including "replacement of a spent, unpatented element." *Id.* at 346, 81 S.Ct. at 604.

■■■ Plaintiff and its customers expected the sieves involved in this case to wear out after a relatively short period of use; the balance of the device was expected to remain operable for a much longer period. Plaintiff's total device sells for three times the price of a replacement sieve, and the sieve is only one of three elements in the patented combination. Although the device would be useless without the sieve, it would be equally useless without either of the two other elements of the patented combination. This case falls well within the replacement doctrine of *Aro I*:

> Mere replacement of individual unpatented parts, one at a time, whether of the same part repeatedly or different parts successively, is no more than the lawful right of the owner to repair his property.

*Id.* We cannot view the replacement of the sieve in this case as "a second creation of the patented entity." *Id.*

Plaintiff argues that the sieve is the most material, or the dominant, part of the patented combination, relying upon *Automotive Parts Co. v. Wisconsin Axle Co.*, 81

F.2d 125, 127 (6th Cir. 1935).* Even applying the test of that case, the replacement of the sieve does not amount to the installation of "new parts [that] so dominate the structural substance of the whole as to justify the conclusion that it has been made anew." *Id.* Moreover, the *Automotive Parts* case preceded *Aro I*, and *Aro I* rejected an argument similar to that made by plaintiff here. *See* 365 U.S. at 344–45, 81 S.Ct. at 603–604.

The judgment of the district court is affirmed.

AFFIRMED.

---

* On remand from the Sixth Circuit decision in *Wisconsin Axle*, the district court determined that the new parts did not dominate the structural substance of the device and held that there had been no contributory infringement. The Sixth Circuit affirmed this determination in *Timken-Detroit Axle Co. v. Automotive Parts Co.*, 93 F.2d 76 (6th Cir. 1937).