**C.P.C. Partnership and Bardot Plastics, Inc., Plaintiffs-Appellants,**

v.

**NOSCO PLASTICS, INC., et al., Defendants-Appellees.**

**Appeal No. 83–982.**

United States Court of Appeals, Federal Circuit.

Sept. 26, 1983.

Edwards F. Connors, Washington, D.C., was on the brief for plaintiffs-appellants; James M. Slattery, Washington, D.C., of counsel.

Jack L. Fox, Old Westbury, N.Y., was counsel for defendants-appellees.

Before MARKEY, Chief Judge, SMITH and NIES, Circuit Judges.

ORDER

Appellants (CPC) filed an appeal from a refusal to disqualify counsel for appellee (Nosco), the asserted ground for disqualification being the anticipation that counsel, an officer of Nosco, would have to testify as a witness. Nosco filed a motion to dismiss the appeal, and to assess damages, costs, and attorney fees, on the ground that the·

appeal is frivolous, citing *Firestone Tire and Rubber Company v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), in which the Court held non-appealable an interlocutory order denying a motion to disqualify counsel. On that ground, the appeal is improper and as an appeal must be dismissed.

CPC's brief on appeal requests this court to treat the appeal as a petition for writ of mandamus, citing circuit opinions permitting that practice. We need not, however, decide here whether the mere relabeling of what would be an appeal is an improper means of evading and circumventing the guidance of the Supreme Court, for the appeal, however labeled, must be dismissed on a ground not raised by the parties.

■ This circuit has no general authority to issue a writ of mandamus directed to a district court judge sitting in another circuit. *See General Electric Co. v. Byrne,* 611 F.2d 670 (7th Cir.1979). The Federal Court Improvements Act, *Pub.Law 97–164,* provided jurisdiction in this court over appeals from district court judgments in certain cases. It provided no supervisory authority over any district court, such as might justify a writ of mandamus under certain circumstances. *See In re Virginia Elec. & Power Co.,* 539 F.2d 357, 365 (4th Cir.1976) and cases there cited.

■ Nor does the All Writs Act, 28 U.S.C. § 1651, provide a basis for issuance of a writ of mandamus here. That statute authorizes the writ "in aid of [our] jurisdiction." Our jurisdiction to hear the appeal on the merits in this case is not affected by the present denial of a motion to disqualify based on conjecture. Whether a writ of mandamus may issue to a district court from this court when necessary to preserve the jurisdiction of this court is a question that must await its day.

■ Both sets of briefs accuse the other of misstatements. Though the present filing of this "appeal" represents the outer limits of advocacy, it cannot be said to have been clearly frivolous. The court is content, therefore, to leave the parties where it finds them, and to deny that portion of Nosco's motion seeking damages, costs, and attorney fees.

Accordingly, it is hereby ORDERED:

(1) That the motion to dismiss be granted.

(2) That the motion to assess damages, costs and attorney fees be denied.