**CHEMICAL ENGINEERING CORP.,
and John O. McLean,
Petitioners/Appellants,**

v.

**MARLO, INC., Respondent/Appellee.**

**Appeal No. 84–1179.**

United States Court of Appeals,
Federal Circuit.

July 16, 1984.

David A. Lundy, Fort Wayne, Ind., for petitioners/appellants.

James R. Custin, Milwaukee, Wis., for respondent/appellee.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

## ORDER

MARKEY, Chief Judge.

John O. McLean and Chemical Engineering Corporation (Chemical) sued Marlo, Inc. (Marlo) in the U.S. District Court for the Eastern District of Wisconsin for an injunction against threatened patent infringement, damages, costs, attorney fees, and other relief. The district court issued summary judgment in favor of Marlo and awarded Marlo its costs and attorney fees. Chemical filed a notice of appeal. Though the notice indicated appeal to the Seventh Circuit, the district court clerk, *sua sponte*, transmitted the appeal to this court. Chemical has moved for transfer of the appeal to the Seventh Circuit.

Chemical has an exclusive license under McLean patent No. 3,649,532 ('532 patent) to manufacture and sell a device for removing minerals from water. In late 1982, Chemical says it heard from its distributors that Marlo was preparing to market a similar device. "Upon information and belief," based solely on the alleged statements of its distributors, Chemical alleged in its complaint that Marlo executed an "Original Equipment Manufacture" (OEM) agreement with Essef, Inc. (Essef). Then and now, Chemical was and is suing Essef for infringement in the U.S. District Court for the Northern District of Indiana.

On February 1, 1983, Marlo moved to dismiss under Rule 12(b)(6) Fed.R.Civ.P. (1979), alleging a failure to state a claim upon which relief may be granted, and alternatively for judgment on the pleadings under Rule 12(c), alleging that they disclosed no genuine issue of material fact and that Marlo was entitled to judgment as a matter of law. Marlo also asked for costs and attorney fees under 28 U.S.C. § 1927 or 35 U.S.C. § 285.

Marlo and Chemical submitted affidavits. The trial court correctly considered and disposed of Marlo's motions as one also for summary judgment under Rule 56. *See* Rule 12(c) Fed.R.Civ.P.

Marlo's affidavit stated unequivocally that no OEM agreement with Essef existed; indeed, that Marlo had rejected such agreement. In response, Chemical moved to voluntarily dismiss its suit without prejudice under Rule 41(a)(2).

Chemical's affidavit attempted to explain why it had filed the suit. The trial court correctly characterized it as "based largely on belief and innuendo ... fall[ing] far short of the 'specific facts' requirement of Rule 56," and noted the absence of any contract, customer affidavits, price lists, or

similar evidence of facts which might reflect "some basis for bringing this action".

The trial court noted that Chemical had acted on rumor and was not justified in suing without information based on reasonable inquiry that would warrant counsel in signing the complaint, citing Rule 11 F.R. Civ.P. The court declined to impose a sanction on counsel under that rule. The trial court also considered but rejected imposition of sanctions on counsel under 28 U.S.C. § 1927. Costs and attorney fees were awarded under 35 U.S.C. § 285 against Chemical in view of its bad faith in failing to investigate before suing.

On March 16, 1983, the district court denied Chemical's motion to dismiss without prejudice, and granted Marlo's motions to dismiss under Rule 12(b)(6), for summary judgment under Rule 56, and for costs and attorney fees.

We consider the motion to transfer and the appeal.

### Jurisdiction

In enacting 28 U.S.C. § 1295(a), Congress granted this court exclusive jurisdiction over appeals from a final decision of a federal district court when the subject matter jurisdiction of that court was based, in whole or in part, on 28 U.S.C. § 1338(a), and the case was not based solely on a copyright or trademark claim. Chemical says that because its complaint pleads jurisdiction on diversity alone, 28 U.S.C. § 1332, it may avoid the appellate jurisdiction of this court. We disagree.

■ This court is charged with the duty of increasing doctrinal stability in the field of patent law. *See generally* S.Rep. No. 97–275, 97th Cong., 2d Sess., 2–7, *reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 12–17. Congress indicated that its grant of exclusive jurisdiction should not be manipulated:

> This measure is intended to alleviate the serious problems of forums [sic] shopping among the regional courts of appeals on patent claims by investing exclusive jurisdiction in one court of appeals.

> It is not intended to create forum shopping opportunities between the Federal Circuit and the regional courts of appeals on other claims.

*Id.* at 19–20, 1982 U.S.Code Cong. & Ad. News at 29–30.

■ This court has strictly construed its jurisdiction in harmony with its congressional mandate. *C.P.C. v. Nosco Plastics, Inc.*, 719 F.2d 400, 401 (Order) (Fed.Cir. 1983). Substance, not form, controls our determination. Implicit in our mandate is the authority to recharacterize pleadings which would improperly evade the intent of Congress. Like all courts, "this court has inherent jurisdiction to determine its own jurisdiction". *C.R. Bard v. Schwartz*, 716 F.2d 874, 877, 219 USPQ 197, 200 (Fed.Cir. 1983).

In *Bard,* this court held it had jurisdiction under § 1295 to make the final determination of whether the district court correctly decided its own jurisdiction under § 1338. To hold otherwise, we said, "would cause our jurisdiction to turn on the decision reached by the lower tribunal," 716 F.2d at 877, 219 USPQ at 200, a result viewed as "absurd" in light of the clear mandate of Congress. *Id.* A parallel authority to recharacterize a plaintiff's jurisdictional pleading is necessary to avoid an even more absurd result in which our jurisdiction would turn on a "decision reached by" a plaintiff.

■ Chemical emphasizes that the complaint correctly alleges that diversity jurisdiction is present. That is true, but irrelevant to the question before us, where jurisdiction does not rest solely on diversity but involves subject matter under acts of Congress relating to patents. Where, as here, the complaint prays for an injunction against infringement of the '532 patent, monetary damages, attorney fees, costs, and other appropriate relief, jurisdiction of the district court under 28 U.S.C. § 1338 inheres in the nature of the action. In response to a properly supported complaint against threatened infringement, the defendant would normally assert invalidity and noninfringement of the patent. The

district court, in awarding attorney fees under 35 U.S.C. § 285, recognized that this case is one invoking the patent laws. An appeal from a summary judgment in a case like the present is within the jurisdiction of this court.

Chemical cites *Automation Systems, Inc. v. Intel Corporation,* 501 F.Supp. 345 (S.D.Iowa 1980) for the proposition that a complaint for declaratory judgment of validity in view of threatened infringement states a claim on which relief may be granted. Chemical disregards three fundamental facts. First, the entry of summary judgment presumes that such a claim that may be granted has been stated; therefore, although the district court granted all of Marlo's motions, citation of *Automation* is irrelevant to the consideration of the grant of summary judgment. Second, in *Automation,* plaintiff supported its complaint with a strong showing of facts constituting an actual threat of infringement. Here, Chemical's complaint alleges only that Marlo had executed an agreement with Essef, and, as above indicated, Chemical failed to support its complaint with a showing of any material facts that would indicate the presence of any threat, let alone an actual threat, of infringement. Third, Chemical's complaint is not for declaratory judgment but for an injunction and damages.

■ Shockingly, in its motion here, Chemical states as facts that "Marlo, Inc.'s sales representatives had announced the availability through Marlo, Inc. of the infringing iron filter, had pricing for the filter and were soliciting orders." All that appears in the record is the affidavit of Chemical's president Wilfong, in which he said Chemical "determined" those facts "through its dealers and distributors". As above indicated, the district court properly found that unsupported statement so insufficient as to make the filing of the complaint an exhibition of bad faith. The statement as fact in Chemical's motion represents a flagrant attempt to mislead this court and an abuse of the judicial process on the part of counsel.

## *Appeal*

The only possible basis on which Chemical and its counsel could have properly elected to appeal from the judgment in this case would be a good faith belief that the record as made in the district court was such as would on some theory show that the district court erred in denying Chemical's motion to dismiss without prejudice, or that a material fact issue precluded summary judgment, or that it was entitled in fact and law to an injunction, or that Marlo was not entitled to costs and attorney fees. Such a good faith belief, in light of the record, would be impossible.

■ No authority anywhere supports the notion that a preliminary injunction against infringement may issue in response to rumors of a threat of infringement. Quite the contrary; a high burden of factual proof must be carried by a plaintiff seeking a preliminary injunction. *See Smith Int'l, Inc., v. Hughes Tool Co.,* 718 F.2d 1573, 219 USPQ 686 (Fed.Cir.1983). It is inconceivable that Chemical and its counsel could have entertained the belief that, on the basis of the mere rumor, devoid of *facts* and evidence, presented to the trial court, an injunction could issue, or that a basis now exists for appealing its denial.

■ As was the district court, we are forced inexorably to the recognition that bad faith animated Chemical in initiating this action, its present suit having far more to do with improving its position vis-a-vis Essef and its suit in Indiana than with any real basis for dispute with Marlo. No basis, other than continued harassment of a possible contract partner of Essef, can be seen for the filing of the present appeal.

No genuine issue of material fact and no issue of law is appropriate for review on this record before this or any other court of appeals. Summary judgment was obviously appropriate, there being no genuine issue of material fact and Marlo being entitled to judgment as a matter of law. *Barmag Barmer Maschinenfabrik v. Murata Machinery Ltd.,* 731 F.2d 831, 836, 221 USPQ 561, 564 (Fed.Cir.1984). The pur-

pose of summary judgment, as was said in *Barmag,* "is to avoid unnecessary expense to the parties and wasteful utilization ... of judicial resources." *Id.* The present appeal can be characterized only as "unnecessary" and "wasteful". An appeal clearly hopeless and unquestionably without any possible basis in fact or law, as here, "wastes the time of the court and of opposing counsel, and imposes unnecessary costs on the parties and on fellow citizens whose taxes support this court and its staff." *Amstar Corp. v. Envirotech Corp.,* 730 F.2d 1476, 1486, 221 USPQ 649, 657 (Fed. Cir.1984).

The appeal will therefore be disposed of by summary affirmance, with costs and attorney fees. *See Asberry v. United States Postal Service,* 692 F.2d 1378, 1382, 215 USPQ 921 (Fed.Cir.1982); *accord, Amstar Corp. v. Envirotech Corp., supra.*

Though the district court declined to hold counsel responsible under Rule 11 Fed.R. Civ.P., on the theory that counsel may have been misled by assurances of Chemical, no such possibility exists in connection with the appeal, where counsel is fully aware of the total absence from the record of any basis for appeal, an absence rendering the appeal clearly frivolous.

ACCORDINGLY, it is ORDERED:

(1) That Chemical's motion to transfer is hereby DENIED;

(2) The grant of summary judgment is *sua sponte* hereby summarily AFFIRMED; and

(3) Chemical and its counsel on appeal shall be jointly and severally liable to Marlo for its costs and attorney fees expended in connection with this appeal, including its costs and attorney fees expended in preparing and submitting its demand therefor to the Clerk of this court.