**PRODYNE ENTERPRISES, INC., Appellant,**

v.

**JULIE POMERANTZ, INC., Appellee.**

**Appeal No. 84–684.**

United States Court of Appeals, Federal Circuit.

Sept. 25, 1984.

Charles F. Schill, Washington, D.C., argued for appellant.

9. *Id.* Figure 93.

Keith D. Beecher, Santa Monica, Cal., was on brief, for appellant.

Arthur A. March, New York City, Robert E. Purcell, Rogers Hoge & Hills, Englewood, Colo., argued for appellee.

Michael J. MacDermott, Walter Eugene Tinsley and Richard A. Wallen, Los Angeles, Cal., of counsel.

Before FRIEDMAN and RICH, Circuit Judges, and COWEN, Senior Circuit Judge.

RICH, Circuit Judge.

The November 18, 1983, decision of the United States District Court for the Central District of California holding, on Julie Pomerantz, Inc.'s motion for summary judgment, that Prodyne Enterprises, Inc.'s patent is not infringed is *affirmed*.

## Background

Prodyne Enterprises, Inc. (Prodyne) sued Julie Pomerantz, Inc. (Promerantz) for infringement of claims 6 and 7 of U.S. patent No. 3,766,817 ('817 patent) issued to Prodyne as assignee of John F. Aby et al. The preferred embodiment of the invention is shown in patent Fig. 2, reproduced below.

The patent claims a food slicing device, primarily for cheese, with a base 10 and a U-shaped bar 14 having a first leg extending into a passageway 16 of the base 10. A cutting element 18, here shown as a wire, is looped around the first leg of bar 14 in passageway 16 and extends transversely across the base 10 ending in slot 20. Wire 18 is held at the end of the second leg of bar 14 by a tensioning handle 22. The '817 patent has 7 claims, but claims 6 and 7, the only claims in issue, are directed to the attachment of the cutting element 18 to the bar 14 on the first leg extending into passageway 16. Claim 7 depends from claim 6 and merely adds the wire tensioning element.

During prosecution, to overcome a rejection under 35 U.S.C. § 102, the patentee amended claim 7 of the application (now-claim 6 of the patent), in part, as follows:

and a cutting element attached to said [leg] bar to be received in said slot, said cutting element having one end [attached to] looped around the portion of said one leg traversing said slot, whereby said one leg forms a fulcrum for said cutting element, and said cutting element serves to hold said leg in said passageway. [Deletions bracketed, additions underlined.]

Pomerantz's allegedly infringing device does not attach the wire to the U-shaped bar by looping the wire around the bar. Rather, the wire is attached through a transverse, centrally disposed slot in the first leg of the bar and is held in position by a knot in the end of the wire.

The district court, in granting summary judgment, found that claims 6 and 7 are limited to the specific structure claimed for attachment of the wire because of prosecution history estoppel, based on the amendment, partially reproduced, supra.

The dispositive issue is whether Prodyne can now evoke the doctrine of equivalents to cover the mode of attachment used by Pomerantz.

## OPINION

 While the doctrine of equivalents may sometimes be applied to amended claims,

The doctrine of prosecution history estoppel precludes a patent owner from obtaining a claim construction that would resurrect subject matter surrendered during the prosecution of his patent application. [*Hughes Aircraft Co. v. U.S.,*

717 F.2d 1351, 1362, 219 USPQ 473, 481 (Fed.Cir.1983.)]

The district court found that the patentee, by substituting the phrase "looped around" for the term "attached," had chosen specific words of limitation to avoid a reference cited by the examiner. Prodyne asserts that the substituted phrase was an unnecessary limitation and that the doctrine of equivalents should apply to that element of their claim.

Being unpersuaded by Prodyne's argument, we decline, as did this court in *Kinzenbaw v. Deere & Co.,* 741 F.2d 383 at 389 (Fed.Cir.1984), to undertake the "speculative inquiry" as to the necessity of the claim limitation in receiving a patent grant.

 Pomerantz, a competing manufacturer, has successfully designed a cheese slicer that avoids literal infringement. Prodyne is *estopped* from now broadening the description of a claim element limited during prosecution so as to encompass a structure which a competitor should reasonably be entitled to believe is not within the legal boundaries of the patent claims in suit.

The decision of the district court granting Pomerantz's motion for summary judgment is *affirmed.*

AFFIRMED.