790 F.2d 882
 54 USLW 2643, 229 U.S.P.Q. 814
 Florence PORTER, Executrix of the Estate of Wellington W.
Porter, and Porterway Harvester Manufacturing Co.,
Inc., Appellants/Cross-Appellees,
v.
FARMERS SUPPLY SERVICE, INC., Appellee/Cross-Appellant.
 Appeal Nos. 85-2748, 85-2802.
 United States Court of Appeals,
Federal Circuit.
 May 14, 1986.
 
 Charles S. McGuire, Syracuse, N.Y., for appellants/cross-appellees.
 Donald F. Parsons, Jr. and Jack B. Blumenfeld, Morris, Nichols, Arsht and Tunnell, Wilmington, Del., for appellee/cross-appellant.
 Before MARKEY, Chief Judge, FRIEDMAN and NIES, Circuit Judges.
 MARKEY, Chief Judge.
 
 
 1
 Florence Porter, as executrix of Wellington W. Porter's estate, and Porterway Harvester Manufacturing Co., Inc. (collectively, "Porterway"), appeal from a final judgment of the United States District Court for the District of Delaware (Wright, Senior Judge) granting summary judgment of non-infringement to Farmers Supply Service, Inc. (Farmers). 617 F.Supp. 1175, 228 USPQ 1 (D.Del.1985). We affirm.
 
 Background
 
 2
 Porterway, owner of U.S. Patent No. 3,999,613 ('613 patent) issued to Wellington W. Porter, sued Farmers for patent infringement, trademark infringement, and unfair competition under federal and state law.
 
 
 3
 The '613 patent relates to a "Tomato Harvester Header". The header includes two counter-rotating notched disks with overlapping edges, two power-driven shafts to rotate the disks, and a supporting structure to position the disks and permit adjustment. The notches on the disks facilitate the uprooting of plant stems.
 
 
 4
 Farmers sells disks exclusively to owners of Porterway harvesters, and solely to replace worn out disks. For each replacement disk, Farmers charges $79.50 and Porterway charges $112.70. Porterway sells the harvester for $42,400, and does not sell headers separately from harvesters. The useful life of a disk is measured in weeks, that of a harvester is five or six years. The district court found, and it is undisputed, that a purchaser can expect to wear out many disks during the useful life of the header.
 
 
 5
 Porterway contended before the district court that Farmers directly and contributorily infringed claims 9 and 10 of the '613 patent. Claim 10 depends from claim 9 and therefore requires no separate consideration here. Claim 9 reads:
 
 
 6
 In a tomato harvesting machine of the type movable through a field to remove plants and fruit from the ground, a header construction for mounting at the forward end of the machine to sever plant stems and direct plants and fruit onto the machine, said header construction comprising:
 
 
 7
 a. a pair of substantially flat, circular discs arranged in side-by-side relation with overlapping edges for rotation about substantially parallel axes through the center of said discs;
 
 
 8
 b. power drive means imparting rotation to said disks in opposite directions with the forward edges thereof, with respect to the intended direction of movement of the harvester, moving toward one another; and
 
 
 9
 c. a plurality of evenly spaced notches extending into the peripheries of each of said discs and inclined generally in the intended direction of rotation, said notches being spaced to provide an edge of the circular disc periphery therebetween, whereby the stems of plants are engaged between said discs and pulled upwardly and rearwardly to be severed from the roots, each of said notches including:
 
 
 10
 i. a first straight edge extending inwardly from a first point on the disc periphery at an angle to the radius inclined in the direction of rotation;
 
 
 11
 ii. a rounded edge extending from the inner terminus of said first edge in the direction of rotation; and
 
 
 12
 iii. a second straight edge extending from the terminus of said rounded edge to a second point on said disc periphery.
 
 
 13
 Porterway based its trademark and unfair competition counts on the assertion that Farmers used the "Porterway" trademark, Reg. No. 583,362, to cause purchaser confusion, citing as the sole evidence of that use two Farmers invoices indicating that the disks were sold to fit a Porterway Harvester.
 
 The District Court's Decision
 
 14
 The district court granted Farmers' motion for summary judgment on all counts. Respecting the patent counts, the court: (1) construed the claims as including more than the disks; (2) found that sale of disks could not directly infringe the claims; (3) held that replacement of the disks is permissible repair, not direct infringement; and (4) held that, because of (3) and because direct infringement is absent, sale of the disk could not constitute contributory infringement.
 
 
 15
 The district court dismissed the trademark and unfair competition counts because Porterway failed to set forth specific facts supporting their allegations of purchasers deception and failed to point to any non-functional aspect of the disk's design. The court noted that the invoices support an inference that customers would not have been deceived.
 
 
 16
 Lastly, the district court denied Farmers' request for attorney fees, stating that:
 
 
 17
 The Court is not of the opinion that this action was of such an exceptional nature which would justify the imposition of sanctions in the form of attorneys' fees pursuant to Fed.R.Civ.P. 11. While certain of [Porterway's] claims were weak, especially those concerning trademark infringement and unfair competition, the Court believes the action was neither frivolous, nor brought in bad faith.
 
 
 18
 617 F.Supp. at 1189, 228 USPQ at 11.
 
 The Appeals
 
 19
 In Appeal No. 85-2748, Porterway appeals only from the portion of the judgment holding Farmers not liable for contributory infringement, arguing that if the district court had properly construed claim 9 it would have found direct infringement by owners of Porterway Harvesters because they reconstructed the harvester when they replaced worn disks. That finding, Porterway argues, would make Farmers a contributory infringer.
 
 
 20
 In Appeal No. 85-2802, Farmers cross-appeals the denial of its motion for attorney fees, arguing that the suit was frivolous. Farmers also requests an award of its costs and attorney fees expended in this court, on the ground that this appeal is frivolous.
 
 Issues
 
 21
 (1) Whether the district court erred in granting summary judgment of non-infringement.
 
 
 22
 (2) Whether the district court abused its discretion in denying Farmers' motion for attorney fees.
 
 
 23
 (3) Whether this appeal is frivolous.
 
 OPINION
 
 24
 (1) Summary Judgment
 
 
 25
 This court has repeatedly upheld the grant of summary judgment in favor of those accused of infringement where there was no genuine issue of material fact, the trial court had properly construed the claims, and a finding of infringement would therefore have been impossible. See Brenner v. United States, 773 F.2d 306, 227 USPQ 159 (Fed.Cir.1985); Builders Concrete, Inc. v. Bremerton Concrete Products Co., 757 F.2d 255, 225 USPQ 240 (Fed.Cir.1985); Prodyne Enterprises, Inc. v. Julie Pomerantz, Inc., 743 F.2d 1581, 223 USPQ 477 (Fed.Cir.1984). Conceding the absence of disputed issues of material fact in this case, Porterway argues that the district court committed purely legal errors.
 
 
 26
 It is well settled that, absent direct infringement, there can be no contributory infringement. Aro Manufacturing Co. v. Convertible Top Replacement Co., 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592, 128 USPQ 354, 357 (1961) (Aro I); 35 U.S.C. Sec. 271(c) (1982). However, as above indicated, Porterway argues that owners of Porterway Harvesters are direct infringers because they impermissibly reconstruct the header when they replace a disk. Porterway says to conclude otherwise "is to ignore all prior law on the subject."
 
 
 27
 Citing Paper Converting Machine Co. v. Magna-Graphics Corp., 745 F.2d 11, 223 USPQ 591 (Fed.Cir.1984), Porterway argues that the district court must have thought there could be no infringement unless the entire combination of claim 9 left the seller fully assembled. Porterway misunderstands or distorts the district court's analysis, citing nothing of record to support its conjecture. Moreover, the focus of the direct infringement inquiry is, as it was in the district court, on owners of Porterway Harvesters. The argument is frivolous.
 
 
 28
 Porterway argues that the district court misconstrued claim 9. The argument is frivolous. The district court held that the claim "contains elements that are not strictly related to the structure of the disks or their design." 617 F.Supp. at 1182, 228 USPQ at 5. That conclusion is readily and unquestionably apparent from a mere reading of the claim.
 
 
 29
 Porterway says the district court's comparison of the disks' life and cost to those of the harvester as a whole is irrelevant. See 617 F.Supp. at 1186, 228 USPQ at 8. However, the claim preamble places the header in the harvester and section b of the claim limits the disks' forward edges "with respect to the intended direction of the harvester." Though a limitation to consideration of the header construction of claim 9 produces the same outcome in this case, it was not error for the court to consider the preamble which in this case gives meaning to other elements of the claimed invention.[1] Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 896, 221 USPQ 669, 675-76 (Fed.Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984); In re Bulloch, 604 F.2d 1362, 1365, 203 USPQ 171, 174 (CCPA 1979).
 
 
 30
 Porterway makes a surface concession that claim 9 is not drawn to the disks per se, but argues that the district court incorrectly emphasized the power drive means, saying that the claims "stressed the novel configuration of the disk notches" and that Porterway never suggested that the power drive means was a novel or critical element of the claimed invention.[2] That argument is frivolous.
 
 
 31
 Porterway's contentions on repair v. reconstruction are contrary to the law pronounced by the Supreme Court. The Court has "eschewed the suggestion that the legal distinction between 'reconstruction' and 'repair' should be affected by whether the element of the combination that has been replaced is an 'essential' or 'distinguishing' part of the invention." Dawson Chemical Co. v. Rohm & Haas Co., 448 U.S. 176, 217, 100 S.Ct. 2601, 2623, 65 L.Ed.2d 696, 206 USPQ 385, 405 (1980) (citing Aro I, 365 U.S. at 344, 81 S.Ct. at 603, 128 USPQ at 358). The district court cited Dawson and correctly explicated the reasons for that rule.[3] We need not repeat that explication here. Despite its reduction of the charge against Farmers to one of contributory infringement, Porterway effectively seeks to extend its patent rights to cover its unpatented disks.[4] Farmers asserts that Porterway's view would require every owner of one of its harvesters to purchase disks (at least two sets each year) from Porterway. The assertion that Porterway is attempting in this suit to extend its patent rights is simply ignored in Porterway's briefs.
 
 
 32
 The district court noted that it was undisputed that the relatively inexpensive harvester disks must be repeatedly replaced due to wear, and that Porterway sells replacement disks. This case thus fits squarely within, and is governed by, the Supreme Court holding that a license to use the patented combination (which license is held by each owner of a Porterway Harvester) includes the right "to preserve its fitness for use so far as it may be affected by wear or breakage." Aro I, 365 U.S. at 345, 81 S.Ct. at 604, 128 USPQ at 359, and that a licensed user may replace any element no matter "how essential it may be to the patented combination," id., as long as the replaced element is not itself, i.e., separately, claimed. See, e.g., Stukenborg v. United States, 372 F.2d 498, 178 Ct.Cl. 738, 153 USPQ 292 (1967).[5]
 
 
 33
 Courts have decided a number of cases, before and after Aro I, that involve tools having parts subject to wear, and, as Judge Wright noted, those courts "have held almost uniformly that replacement of a worn part in a patented combination is repair rather than reconstruction." 617 F.Supp. at 1186, 228 USPQ at 8; see Wilbur-Ellis Co. v. Kuther, 377 U.S. 422, 84 S.Ct. 1561, 12 L.Ed.2d 419, 141 USPQ 703 (1964); Wilson v. Simpson, 50 U.S. (9 How.) 109, 13 L.Ed. 66 (1850) (replacement of cutting blades in patented planing machine); National-Standard Co. v. UOP, Inc., 616 F.2d 339, 205 USPQ 590 (7th Cir.1980) (replacement of sieve in apparatus for separating fine-grain solids); TSC Industries, Inc. v. International Harvester Co., 406 F.2d 53, 160 USPQ 34 (7th Cir.1968) (replacement of rubberized doffers in mechanized cotton picking machine); Micromatic Hone Corp. v. Mid-West Abrasive Co., 177 F.2d 934, 83 USPQ 409 (6th Cir.1949) (replacement of abrasive stones in patented honing tool); Gillette Safety Razor Co. v. Standard Safety Razor Co., 64 F.2d 6, 17 USPQ 397 (2d Cir.) (replacement of unpatented disposable blades in patented razor combination), cert. denied, 290 U.S. 649, 54 S.Ct. 66, 78 L.Ed. 562 (1933). Porterway's briefs address not one of the foregoing authorities.[6]
 
 
 34
 Porterway primarily founds its appeal in respect of repair v. reconstruction on the district court's statement that claim 9 includes "numerous intangible elements". Though Porterway says the court was relying on an unwarranted "doctrine", it is evident that the district court was there employing an infelicitous phrase in referring to the structural relationships of the elements claimed, without which there could be no header construction. It is judgments that are appealed, not phrases in an opinion. Fromson v. Advance Offset Plate, Inc., 755 F.2d 1549, 1556, 225 USPQ 26, 31 (Fed.Cir.1985). Opinion language may indicate that a judgment is erroneously based, but that is not the case here. Moreover, Porterway's position on repair v. reconstruction would eradicate much of the claim language and would disregard all the parts that go to make up the drive means. It must be rejected.
 
 
 35
 Accordingly, we affirm the grant of summary judgment of non-infringement.
 
 
 36
 (2) Attorney Fees in the District Court
 
 
 37
 We are unable to conclude that the district court clearly erred in refusing to find Porterway's suit an "exceptional" case. See 15 U.S.C. Sec. 1117; 35 U.S.C. Sec. 285.
 
 
 38
 Farmers says the district court's "findings were clearly erroneous". However, we are not persuaded that the court incorrectly found Porterway's charges "weak" but not frivolous or made in bad faith. Thus, we do not reach the issue of whether the denial of attorney fees was an abuse of its discretion. Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582-83, 226 USPQ 821, 824 (Fed.Cir.1985); cf. Rosemount, Inc. v. Beckman Instruments, Inc., 727 F.2d 1540, 1547-48, 221 USPQ 1, 8-9 (Fed.Cir.1984). That this court, were it sitting at trial, might have differently appraised the suit is not a basis for holding that the district court's appraisal was error. Accordingly, we affirm the district court's denial of attorney fees.
 
 
 39
 (3) Costs and Attorney Fees on Appeal
 
 
 40
 Our affirmance of a district court's denial of attorney fees does not preclude us from awarding appellees the costs and attorney fees which they have been forced to incur in opposing frivolous appeals. This court has made such awards repeatedly. See, e.g., In re Oximetrix, 748 F.2d 637, 223 USPQ 1068 (Fed.Cir.1984); Colt Industries Operating Corp. v. Index-Werke K.G., 739 F.2d 622 (Fed.Cir.1984); Beachboard v. United States, 727 F.2d 1092 (Fed.Cir.1984). "An appeal clearly hopeless and unquestionably without any possible basis in fact or law, as here, wastes the time of the court and of opposing counsel, and imposes unnecessary costs on the parties and on fellow citizens whose taxes support this court and its staff." Chemical Engineering Corp. v. Marlo, Inc., 754 F.2d 331, 335, 222 USPQ 738, 741 (Fed.Cir.1984); see also Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1553-55, 220 USPQ 193, 202-04 (Fed.Cir.1983). This is such a case.
 
 
 41
 In quoting from Monroe Auto Equipment Co. v. Precision Rebuilders, Inc., 229 F.Supp. 347, 351, 141 USPQ 626, 629 (D.C.Kan.1964), Porterway distorted the quote by omitting language devastating to its position on appeal. In its reply brief, Porterway ignores the distortion pointed to by Farmers. The necessity of distortion should have alerted Porterway to the frivolity of this appeal.
 
 
 42
 As above indicated, each of Porterway's arguments is frivolous. None is based on "sound common sense and an intelligent judgment". Goodyear Shoe Machinery Co. v. Jackson, 112 F. 146, 150 (1st Cir.1901). The district court adequately treated Porterway's arguments in its thorough opinion, and Porterway has presented no plausible premise for possible reversal. Further, Porterway makes no true effort to distinguish authorities cited by the district court and by appellee which squarely reject the "heart of the invention" argument to which all of Porterway's arguments on contributory infringement and reconstruction resolve. The inability to distinguish those authorities should also have alerted Porterway's counsel to the frivolity of this appeal. Simply stated, there was not even a colorable basis for this appeal.
 
 
 43
 Farmers is entitled to its costs and attorney fees expended in connection with this appeal, under the exceptional case standard of 35 U.S.C. Sec. 285 and the frivolous appeal standard of Fed.R.App.P. 38. See Shelcore, Inc. v. Durham Industries, Inc., 745 F.2d 621, 630, 223 USPQ 584, 591 (Fed.Cir.1984); Rohm & Haas Co. v. Crystal Chemical Co., 736 F.2d 688, 222 USPQ 97 (Fed.Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984); see also Asberry v. United States Postal Service, 692 F.2d 1378, 1382, 215 USPQ 921 (Fed.Cir.1982).
 
 CONCLUSION
 
 44
 The judgment of the district court is affirmed in all respects. Porterway and its counsel on appeal are jointly and severally liable to Farmers for the latter's costs and attorney fees expended in connection with this appeal.
 
 
 45
 AFFIRMED.
 
 
 
 [1]
 Porterway's brief presents claim 9 without the preamble
 
 
 [2]
 Porterway emphasizes that Farmers' disks are "identical in all material respects" to its own, and that Farmers' disks are "for mounting on [Porterway Harvesters] in the same relationship" as Porterway's original disks. Because replacement parts can be expected to be identical with and mounted in the same relationship as the part replaced, the emphasis is unwarranted and irrelevant
 
 
 [3]
 Porterway's briefs ignore Dawson
 
 
 [4]
 Porterway's brief improperly refers to the disks as a "patented portion of the machine." There is no such thing, of course, as a patented portion of a patented combination. It is the combination, not any portion or element thereof, that is patented. Before the district court, Porterway argued as though the disks were themselves patented and asserted that Farmers' sale of disks was therefore a direct infringement. Porterway has abandoned that argument on appeal
 
 
 [5]
 Porterway cites two cases in support of its argument that repair v. reconstruction must be decided on a comparison of elements replaced with those remaining of the patented combination. Both cases predated Aro I and are therefore of at least doubtful viability
 
 
 [6]
 Porterway mentions the district court decision affirmed in National-Standard Co., but inexcusably disregards the appellate court's decision, though it was cited below by appellee and in Judge Wright's opinion. That appellate decision contains language directly applicable here and destructive of Porterway's arguments before us