909 F.2d 1496
 36 Cont.Cas.Fed. (CCH) 75,975
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RAYTHEON SUPPORT SERVICES CO., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1066.
 United States Court of Appeals, Federal Circuit.
 July 26, 1990.
 
 1
 Before MAYER and PLAGER, Circuit Judges, and C.A. MUECKE, Senior District Judge.*
 
 DECISION
 
 2
 C.A. MUECKE, District Judge.
 
 
 3
 Raytheon Support Services Company ("RSSC") appeals a decision of the Armed Services Board of Contract Appeals ("ASBCA"), denying its claim for an equitable adjustment of $47,310 under its fixed price repair services contract with the Department of the Air Force, Oklahoma City Air Logistics Center, Tinker Air Force Base, Oklahoma. We affirm the ASBCA's decision in all respects.
 
 DISCUSSION
 
 4
 The decision of the ASBCA on questions of fact "shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. Sec. 609(b) (1988). Even though the record contains evidence that supports a contrary position, this Court cannot alter a board's finding if substantial evidence supports it. Erickson Air Crane Co. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984); accord FMC Corp. v. United States, 853 F.2d 882, 885 (Fed.Cir.1988). A finding is based upon "substantial evidence" if there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mayfair Constr. Co. v. United States, 841 F.2d 1576, 1577-78 (Fed.Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 528 (1988).
 
 
 5
 In order to establish that it was injured due to its reliance upon a government statement, RSSC must show that its reliance upon the statement was both innocent and reasonable. See Summit Timber Co. v. United States, 677 F.2d 852 (Ct.Cl.1982) (contractor entitled to rely upon government representation that it had marked true acreage quarters of timber to be felled). The standard for determining reasonableness is what a reasonable contractor would have done with knowledge common within the industry. Gregory Lumber Co., Inc. v. United States, 11 Cl.Ct. 489, 503 (Cl.Ct.1986), aff'd., 831 F.2d 305 (Fed.Cir.1987), cert. denied, 484 U.S. 1061, 108 S.Ct. 1016 (1988). Reasonableness is determined by whether the government gave some signal to the contractor not to rely upon the information, or advised it to conduct further investigation. Rixon Electronics, Inc. v. United States, 536 F.2d 1345, 1349-50 (Ct.Cl.1976) (government warned that microfilms to be furnished might not be complete or legible).
 
 
 6
 Whether the government's answer could be relied on by RSSC and, if so, whether the reliance was reasonable is the main issue in this case. Alternatively, the issue could be described as whether the government's answer was a representation or warranty that the 35/65 (electronic/mechanical) mix applied to the subject contract.
 
 
 7
 There is no doubt that the ASBCA's decision should be affirmed. The government's Invitation for Bids, including amendment number 4, contained no expression that the workload mix was expected to remain the same, or that the government warranted any particular mix of components to be serviced. The question and answer in amendment number 4 was merely a representation of the past workload. Since the bidding scheme assigned the risk of any variation in the type of mix of units in the government's inventory to the contractor, it is unreasonable to expect that such information was intended to bind the government. Moreover, there is no reason why RSSC could not have submitted its own question addressing the mix.
 
 
 8
 RSSC's reliance on the question and answer was unreasonable. The contract was based on the government's Best Estimated Quantity ("BEQ") for the number of units to be serviced. It was a fixed-price contract[1] for service based upon the government's BEQ. The contractor was assigned the risk of any variation in the types or mix of units in the government's inventory that would be sent for service. In addition, the government advised bidders, including RSSC, that it would determine, in its sole discretion, what items from its inventory would be serviced. RSSC, as the incumbent contractor, knew that the mix would probably be 63/37. When it lowered its bid to remain competitive, it did so at its own risk. The question and answer reflected an evaluation only of the past mix of components.
 
 
 9
 It is only too obvious that there is no merit in RSSC's appeal. It knew that the anticipated workload would be based upon the government's inventory of equipment. RSSC assumed the risk when it failed to consider the information. Further, the government did not change the mix from what RSSC had expected.
 
 
 10
 In short, the Court finds that RSSC's appeal is frivolous. It is "clearly hopeless and unquestionably without any possible basis in fact or law, ... 'wastes the time of the court and of opposing counsel, and imposes unnecessary costs on the parties and on fellow citizens whose taxes support this court and its staff.' " Chemical Engineering Corp. v. Marlo, Inc., 754 F.2d 331, 335 (Fed.Cir.1984) (quoting Amstar Corp. v. Envirotech Corp., 730 F.2d 1476, 1486 (Fed.Cir.1984)). Under Federal Rules of Appellate Procedure Rule 38, a court may award just damages and single or double costs to the appellee if the court of appeals determines the appeal is frivolous. Further, Rule 38 allows the award of attorneys' fees and costs in favor of the United States. Asberry v. United States Postal Service, 692 F.2d 1378, 1382 (Fed.Cir.1982). This Court will award the government attorneys' fees and costs actually incurred in defending this appeal.
 
 CONCLUSION
 
 11
 The decision of the ASBCA is affirmed in all respects. RSSC and its counsel on appeal are jointly and severally liable to the government for the latter's costs and attorneys' fees expended in connection with this appeal.
 
 
 
 *
 C.A. Muecke, Senior District Judge, United States District Court for the District of Arizona, sitting by designation
 
 
 [1]
 A fixed-price contract is suitable when:
 Performance uncertainties can be identified and reasonable estimates of their cost impact can be made, and the contractor is willing to accept a firm fixed price representing assumption of the risks involved.
 
 
 [48]
 C.F.R. Sec. 16.202-2(d) (1989)