The **UNITED STATES**, Appellant,

v.

**COMPUSEARCH SOFTWARE SYSTEMS**, Appellee.

No. 90–1484.

United States Court of Appeals, Federal Circuit.

June 19, 1991.

Kirk Manhardt, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellant. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director. Also on the brief was Brian Henretty, Office of the Chief Counsel, U.S. Army Corps of Engineers, Washington, D.C., of counsel.

William M. Rosen and Hilary S. Cairnie, of Dickstein, Shapiro & Morin, Vienna, Va., argued for appellee. With them on the brief was Richard J. Conway.

Before ARCHER, Circuit Judge, MILLER, Senior Circuit Judge, and LOURIE, Circuit Judge.

LOURIE, Circuit Judge.

The issue in this case is whether section 759(f)(5)(C) of the Brooks Act entitles a prevailing "interested party" to recover costs from the government for pursuing a protest, when the costs include attorney's fees attributable to discovery against an opposing intervenor. The General Services Administration Board of Contract Appeals held that a protestor can recover such costs. *Compusearch Software Systems,* GSBCA No. 10483–C (10329–P), 90–2 B.C.A. (CCH) ¶ 22,912, 1990 WL 52269 (April 23, 1990). We affirm.

## BACKGROUND

Contract No. DACW55–88–D–001 was awarded by the government to CACI, Inc.–Federal, whereby CACI would provide maintenance and software services to the government. On October 11, 1989, Compusearch Software Systems filed a protest against the United States Corps of Engineers concerning the award of a modification to the contract. Compusearch claimed that the modification greatly increased the number of offices to be serviced and that such a modification exceeded the scope of the contract, unlawfully restricting competition.

CACI intervened in the protest as of right. Thereafter Compusearch and CACI engaged in contested discovery in which both parties filed extensive interrogatories and requests for production of documents. On November 20, 1989, during a hearing before the Board, the parties agreed to settle the protest.

The parties moved to dismiss the protest with prejudice on the basis of a joint stipulation of settlement, which was approved by the Board. *Compusearch Software*

*Systems,* GSBCA No. 10329–P, 1989 BPD ¶ 389 (Dec. 18, 1989). The stipulation deemed Compusearch to be the prevailing party entitled to the costs of pursuing its protest. The Corps agreed to pay all of Compusearch's reasonable costs and to limit any challenge to the *reasonableness* of Compusearch's costs, not its *entitlement* to them. The stipulation stated, in pertinent part, that:

> Solely for purposes of the recovery of attorneys' fees and protest costs ... Compusearch shall be deemed to have prevailed on all issues in this proceeding under 40 U.S.C. § 759(f)(5)(C). Thus, Compusearch shall move the Board to determine the amount of the fees and expenses to be paid pursuant to Board Rule 35, as well as any additional fees and expenses incurred by Compusearch in filing and pursuing a motion with the Board as provided for in this paragraph. The Corps reserves its right pursuant to Board Rule 35 to oppose only the reasonableness of attorneys' fees and protest costs; the Corps shall not challenge Compusearch's entitlement.

GSBCA No. 10329–P at 3.

On January 12, 1990, Compusearch filed a motion with the Board for protest costs including attorney's fees. The Corps responded by objecting to attorney's fees generated as a result of litigation between Compusearch and the intervenor. It argued that it should not be accountable for protestor's attorney's fees incurred in litigation with another private party.

Compusearch was then directed by the Board to submit documentation of costs in support of its motion, which it did in a second supplemental brief. Out of a total of $78,046.64, $4,423.75 (40.5 hours) of attorney's fees was determined to be due to discovery disputes between it and CACI.

Further proceedings before the Board resulted in Compusearch requesting an additional $9,522.50 for attorney's fees incurred after January 12, 1990, in supporting its motion. Out of that amount, the Corps challenged $3,628.75 (23.5 hours) as excessive and unreasonable, because they were attributed to activities of CACI. The parties then stipulated to all costs incurred up to and including the second supplemental brief. Left in dispute were costs totalling $4,423.75, incurred before January 12, 1990, and $3,628.75, incurred after January 12, 1990. The government objected to these costs on the basis that they were incurred by Compusearch in litigation against the intervenor.

The Board concluded that Compusearch was entitled, under 40 U.S.C. § 759(f)(5)(C) (1988), to recover all costs for successfully pursuing a protest, including costs incurred as a result of the actions and efforts of an intervenor. While the government had no control over the actions of the intervenor, the Board found that the intervenor was squarely on the side of the government as to all issues raised by the protestor. It further found that Compusearch, having entered the protest, had no choice but to contend with both the government and the intervenor. Thus, the Board held that Compusearch, as the prevailing party, was entitled to all costs incurred in pursuing its protest, *viz.,* $80,817.77, including the portion of the costs attributable to litigation with the intervenor in the amount of $6,452.50 ($4,423.75 + $2,028.75 [1]).

## DISCUSSION

Our standard of review in this case is governed by 41 U.S.C. § 609(b) (1988) which states that:

> the decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.

The government contends that the Board erred as a matter of law, arguing that no

---

1. Costs incurred after January 12, 1990, asserted by Compusearch to be $3,628.75, were reduced by the Board to $2,028.75.

explicit language in either the statute or the legislative history permits "the government to pay costs incurred by a protestor in litigation against an intervenor." Since there is no express consent, the government argues that it is immune from these costs.

The government's argument fails to consider the inclusive language of section 759(f)(5)(C). The first step in interpreting a statute is to look to its language. *MCI Telecommunications Corp. v. United States*, 878 F.2d 362, 365 (Fed.Cir.1989). "Unless exceptional circumstances dictate otherwise, when we find the terms of a statute unambiguous, judicial inquiry is complete." *Burlington N. R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) (citations omitted).

The language of section 759(f)(5)(C) is straightforward. This section states that:

> Whenever the board makes [a protest] determination, it may, in accordance with section 1304 of Title 31, further declare an appropriate interested party to be entitled to the costs of—
>
> (i) filing and pursuing the protest, including reasonable attorney's fees, and
>
> (ii) bid and proposal preparation.

An "interested party" is defined as "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract," 40 U.S.C. § 759(f)(9)(B) (1990), which in this case clearly includes the protestor, Compusearch.

Pursuant to section 759(f)(5)(C), Compusearch was stipulated by the Corps to be entitled to its costs, including reasonable attorney's fees.[2] Additionally, intervenors may participate in the dispute resolution process under section 759(f)(6)(A).[3] Thus, Congress clearly envisioned that intervenors would be a part of protest actions. It therefore naturally follows that Congress also intended that costs for pursuing a protest include costs incurred as a result of the actions of an intervenor. In fact, the statute implies that a prevailing protestor should be made whole from pursuing its protest so long as the fees and costs it seeks to recover are reasonable.

The government argues that waivers of sovereign immunity must be strictly construed and that there is no express statutory waiver for attorney's fees incurred in discovery with an intervenor. As indicated above, we consider the language "costs of ... pursuing the protest" in light of the clear congressional contemplation of the role of an intervenor in a protest, to be a sufficiently clear waiver of sovereign immunity as to such fees.

Finally, the government has failed to cite any legislative history contrary to the plain language of the statute. Since the language of the statute is straightforward and there is no apparent legislative intent otherwise, we find no reason to preclude Compusearch from entitlement to its costs for filing and pursuing its protest, including those incurred in discovery with the intervenor.

Appellee claims that this appeal by the Corps is "patently frivolous," for which it should be awarded enhanced costs and attorney's fees under Federal Rule of Appellate Procedure 38. We deny appellee's request, since the appeal was not "clearly hopeless and unquestionably without any possible basis in fact or law." *See Chemical Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed.Cir.1984).

## CONCLUSION

The decision of the Board granting Compusearch's motion for costs in the amount of $80,817.77 is therefore

AFFIRMED.

---

2. Because we conclude that the Board's decision is correct as a matter of law, we do not address the issue whether the government is challenging entitlement or reasonableness.

3. This section states that:

> The final decision of the board may be appealed ... by any interested party, including interested parties who *intervene in any protest* filed under [subsection (f) ]....

40 U.S.C. § 759(f)(6)(A) (emphasis added).