62 F.3d 1430
 35 U.S.P.Q.2d 1568
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TIELEMAN FOOD EQUIPMENT, B.V., and Lindholst & Co. A/S,
Plaintiffs-Appellees,
v.
STORK GAMCO, INC. and Stork Pmt, B.V., Defendants-Appellants.
 No. 94-1326.
 United States Court of Appeals, Federal Circuit.
 June 5, 1995.
 
 Before ARCHER, Chief Judge, RICH, and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Stork Gamco, Inc. and Stork PMT, B.V. (collectively "Stork") appeal from the October 4, 1994 order of the United States District Court for the Northern District of Georgia holding Stork liable for infringement of claims 1-3 and 9-11 of United States Patent 4,610,050. Tieleman Food Equip., B.V. v. Stork Gamco Inc., No. 2:91-CV-12-WCO (N.D.Ga.Oct. 4, 1994). Because the district court issued an overly broad injunction, but made no other errors in its order, we affirm-in-part, vacate-in-part, and remand.
 
 DISCUSSION
 
 2
 Tieleman Food Equipment, B.V. and Lindholst & Co. A/S (collectively "Tieleman") are the assignees of the '050 patent, which is directed to a device for removing the crop, gullet, and windpipe of slaughtered poultry. Tieleman sued Stork, alleging infringement of claims 1-3 and 9-11 of the '050 patent.
 
 
 3
 At the conclusion of a bench trial, the district court held Stork liable for both direct infringement and inducement of infringement of claims 1-3 and 9-11. The court held Stork PMT, B.V. additionally liable as a contributory infringer. The defendants' infringement was found to be willful. In addition, the court determined that Stork had not established that the '050 patent is invalid under the first or second paragraphs of 35 U.S.C. Sec. 112 (1988). The court awarded Tieleman injunctive relief and damages, as well as attorney fees and costs in view of Stork's litigation misconduct. This appeal followed.
 
 
 4
 On appeal, Stork challenges the district court's claim interpretation and its finding of infringement. Stork also challenges the court's determination that Stork failed to establish that the patent is invalid. Stork further asserts that the injunction entered by the court is overly broad. Stork does not challenge the district court's finding that Stork's infringement was willful, nor does Stork contest the amount of damages awarded or the court's award of attorney fees and costs.
 
 
 5
 We have carefully considered Stork's numerous arguments concerning claim interpretation, infringement, and validity, but find them unpersuasive. We are convinced that the district court properly applied the law to the facts of this case. Because we find no error in the district court's analysis, we affirm the court's decision with regard to patent validity and infringement.
 
 
 6
 We review a district court's grant of an injunction and the scope of the injunction for abuse of discretion. Joy Technologies, Inc. v. Flakt, Inc., 6 F.3d 770, 772, 28 USPQ2d 1378, 1380 (Fed.Cir.1993). The court's order enjoins Stork as follows:
 
 
 7
 The defendants are hereby enjoined from any future infringement of the '050 patent through direct infringement, contributory infringement or inducement of infringement. The defendants are enjoined, therefore, from making or selling the NIC-202 machine. They are further enjoined from engaging in contributory infringement through such acts as the sales of replacement parts to its customers.
 
 
 8
 Stork argues that the injunction is overly broad in two respects. First, Stork contends that the injunction improperly applies to replacement parts. Second, Stork argues that the injunction is geographically overbroad because it enjoins both defendants "from making or selling the NIC-202 machine" without reference to any geographic area. Tieleman agrees that the injunction should be modified, but argues that the modified injunction should not allow Stork to make, use, or sell replacement probes because such activity would constitute direct infringement of claims 1-3 of the '050 patent. Tieleman argues that the injunction is not geographically overbroad because, although it does not explicitly contain the words "in the United States," it would be reasonably so interpreted.
 
 
 9
 We agree that the injunction is overly broad with respect to replacement parts. Once a patentee has been compensated for infringement by money damages, the infringer has the right to repair, but not reconstruct, the infringing device. FMC Corp. v. Up-Right, Inc., 21 F.3d 1073, 1076-77, 30 USPQ2d 1361, 1363-64 (Fed.Cir.1994) (discussing repair/reconstruction doctrine). The patentee has been made whole for the infringement by the assessment of damages, and thus the owner of the infringing devices has the same rights of repair as has the purchaser of a product from the patentee. The permissible repair principle does not apply, however, to the manufacture, use, or sale of a separately patented replacement part. Porter v. Farmers Supply Serv., Inc., 790 F.2d 882, 886, 229 USPQ 814, 816 (Fed.Cir.1986). Here, the probe is separately covered by claims 1-3, and the district court found that Stork's sale of probes directly infringed these claims. Thus, the injunction is vacated to the extent that it enjoins Stork from selling unpatented replacement parts for the repair of infringing devices for which Tieleman has been compensated by money damages. However, the injunction is not overly broad to the extent that it enjoins Stork from making, using, or selling replacement probes that would infringe any of claims 1-3 of the '050 patent.
 
 
 10
 We also conclude that the injunction is potentially overbroad as applied to Stork's activities outside the United States. The injunction prohibits Stork "from making or selling the NIC-202 machine" without reference to geographic area. There can be no infringement of a United States patent, however, without some nexus to the United States. See 35 U.S.C. Sec. 271 (1988). Stork PMT, B.V. apparently makes poultry equipment in the Netherlands and markets the equipment in countries other than the United States. Thus, the injunction's prohibition against making or selling the NIC-202 machine is overly broad as applied to such acts. The injunction is therefore vacated to the extent that it prohibits acts that could not constitute infringement under any of the provisions of Sec. 271. The case is remanded to the district court with instructions to modify the injunction in accordance herewith.
 
 
 11
 Finally, Tieleman argues that Stork has brought a frivolous appeal and asks this court to award it attorney fees and double costs. We disagree that the appeal is frivolous. At the very least, our modification of the injunction indicates that. Moreover, a losing case is not necessarily a frivolous one. Therefore, Tieleman's request for attorney fees and costs is denied.
 
 
 12
 No costs.