**AUTOMOTIVE EQUIPMENT CO. et al. v. CONNECTICUT TELEPHONE & ELECTRIC CO., Inc.**

Circuit Court of Appeals, Third Circuit. June 7, 1927.

Rehearing Denied June 30, 1927.

No. 3597.

Patents ⬤⟿328—1,204,104, Wilcox and Cavanaugh patent, for ignition mechanism for internal combustion engines, held infringed by defendant's sale of complete assemblies for repair purposes.

Wilcox and Cavanaugh patent, No. 1,204,-104, for ignition mechanism for internal combustion engines, *held* infringed by defendant's sale of complete assemblies for repair purposes, as causing a substantial substitution by a third party of an uninjured part, and not a bona fide repair of a worn-out part, made or caused to be made by buyer of patented igniter.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Patent infringement suit by the Connecticut Telephone & Electric Company, Inc., against the Automotive Equipment Company and another. Decree for plaintiff (14 F.[2d] 957), and defendants appeal. Affirmed.

Kiddle & Margeson, of New York City (Henry T. Hornidge and William H. Davis, both of New York City, of counsel), for appellants.

Robert C. Mitchell and George H. Mitchell, both of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. As this case comes for review before this court, the issues originally involved have lessened to a narrow compass, namely, whether the defendants by repair or by reconstruction infringe patent No. 1,204,104, granted November 7, 1916, to Wilcox and Cavanaugh, for ignition mechanism for internal combustion engines. The court below held the defendants infringed, whereupon the latter took this appeal.

The validity of the patent was sustained by the court below, and also in Conn. Tel. & Elec. Co. v. Brown & Caine, 10 F.(2d) 823, a case in the Northern district of Illinois, and reference to that case avoids needless present restatement of the art. Suffice it to say that, pursuant to said patent, the plaintiffs made an automobile accessory called the Connecticut igniter, which was sold to users of automobiles in large quantities and held in high regard. The all-important functional factor of such igniter is a removable timer, which comprises a partially rotating carrier on which is fixedly pivoted a breaker arm with a contact point at its free end, which contact point makes and breaks contact with another point mounted on a bracket fixed to the base plate. Such make and break movement is effected by a roller pivoted to the breaker arm, where it can contact with a rotating cam attached to the top of a driving shaft. The contacting make and break points are subjected to constant wear, which necessitates their replacement. These points are a common article in garage equipment, and when worn out the timer can be taken out and such repair made by any one reasonably clever in the use of tools. No buyer or user of the Connecticut igniter complains of not being able to get repairs so made.

Moreover, the plaintiffs make and sell to users extra or replacement timers, provided with which the user, if his ignition points wear out, can at once remove the old timer and without any repairing himself put in place the new reserve one. This replacement timer is sold for less than $2. The defendant is neither a buyer nor user of the patented article. In its business it supplies garages with repair parts, the use of which is as follows: If a Connecticut igniter's contact points give out, the garage man, instead of putting a set of ignition points on the timer, which is otherwise all right, cuts and drives out the pivot which attaches the timer to the base, and replaces it with an arm of the defendant's make, which is provided with a new ignition point. This arm is then attached to the frame by a new pivot, provided with a cotter pin, by means of which pin a new arm of defendant's manufacture can be again used in on the plaintiff's timer when the ignition points wear out. By this means the uninjured

arm of the plaintiff's timer can be discarded, its place supplied by successive ones of defendant's make, and the garage man induced to buy from the defendant, by reason of him thereby having a substantial repair bill to charge the customer.

Is this a case of a bona fide repair of a worn-out part, made or caused to be made by a buyer of the patented igniter, or is it a substantial substitution by a third party of an uninjured part? We think a mechanical understanding and a commercial appreciation of what actually takes place leads to but one conclusion, namely, that the defendant infringes, and should account for the wrong so done.

### Sur Petition for Rehearing.

PER CURIAM. While the opinion heretofore filed in this case did not discuss all the repair parts made by the defendants which are alleged to infringe, we find no error in the decree of the lower court adjudging them to infringe. They are fully discussed in the opinion of the court below and, as we consider, satisfactorily so. Further discussion of them would lead to no change of view, and therefore the petition for a rehearing is denied.