## HARRIS CALORIFIC CO. v. MARRA.
## MARRA v. HARRIS CALORIFIC CO.
### Nos. 6549–6551, 6545.

Circuit Court of Appeals, Third Circuit.

March 7, 1938.

Rehearing Denied April 26, 1938.

Stebbins, Blenko & Parmelee, of Pittsburgh, Pa. (Edward Hoopes, III, and Walter J. Blenko, both of Pittsburgh, Pa., of counsel), for Harris Calorific Co.

Christy & Wharton, of Pittsburgh, Pa. (Bayard H. Christy and R. T. M. McCready, both of Pittsburgh, Pa., of counsel), for Marra.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

These are cross-appeals from decrees of the District Court for the Western District of Pennsylvania. The plaintiff is the owner by assignment of six patents, Harris patents, 1,571,004, 1,568,331, 1,547,388, and Campbell patents, 1,751,447, 1,835,845, and 1,920,965, all relating to improvements in blowpipes employed in welding and cutting metals. The plaintiff filed three bills of complaint, charging defendant with direct infringement of Harris patent, 1,568,331, and contributory infringement of all six patents, as well as unfair trade practices. The cases were consolidated for trial and resulted in a decree in favor of the plaintiff on the charge of direct infringement and in favor of the defendant on all other charges. Plaintiff and defendant have each appealed. In defendant's appeal No. 6545, the defendant contends that he did not infringe because the blowpipe tip which he

manufactures and sells differs from the tip described in the patent. The District Court found that while there are differences in the manufacturing steps which were employed in the construction of the blowpipe tip described in the patent and the blowpipe tip sold by the defendant, the resultant structures are the same.

We are in entire accord with the trial court's conclusion that the defendant infringed Harris patent, 1,568,331, but direct that the decree be augmented by the inclusion of claim 6, as well as claims 5 and 7 of that patent, as infringed.

In plaintiff's appeal No. 6551 the plaintiff contends that the doctrine of replaceable parts announced in Wilson v. Simpson, 50 U.S. 109, 9 How. 109, 13 L.Ed. 66, has no application to the facts in the case. It contends that the necessity to replace the tips arises, not because the tips wear out, but because they are abused by careless and incompetent workers and destroyed by accidents. We do not agree that an article may be deemed perishable only if it wears out in spite of careful and skillful use. If it is usual for a material number of accidents to occur in carrying on the trade, if it is customary for hasty workmen to accelerate the completion of their tasks by rough handling of their blowpipes, if the blowpipes are frequently used by unskilled welders, and if these practices result in or contribute to the destruction of the tips, then we are of the opinion that the tips may be deemed perishable through use. Judge Schoonmaker has discussed the issues of fact and of law with such painstaking thoroughness that we affirm on his opinion.

The decrees was affirmed.