**PAYNE v. DICKINSON et al.**
**No. 7007.**

Circuit Court of Appeals, Third Circuit.
Jan. 18, 1940.

Rehearing Denied Feb. 23, 1940.

John L. Ridley, of Jersey City, N. J., and Leon & Weill, of New York City (Donald L. Brown, Edward J. Leon, and Harold Weill, all of New York City, of counsel), for defendant-appellant.

Briesen & Schrenk, of New York City (Hans V. Briesen and Henry C. Quigley,

Jr., both of New York City, of counsel), for plaintiffs-appellees.

Before BIGGS, MARIS, and BIDDLE, Circuit Judges.

MARIS, Circuit Judge.

This appeal involves the validity of the plaintiffs' patents Nos. 1,742,497 and 1,793,-068. Patent No. 1,742,497 relates to hypodermic syringes and discloses a locking device for securely holding the hypodermic needle to the syringe. The device is adapted for use on the so-called Luer slip syringe. In syringes of that type the syringe barrel is made of glass and terminates in a tapered tip upon which the hub of the needle is slipped and held by friction. The device of the patent, known as the Luer-Lok, consists of the combination of two projecting fins or flange segments on opposite sides of the butt end of the hub of the hypodermic needle and of a sleeve mounted upon the syringe and projecting over its tapered tip having upon its inner surface two helical grooves formed by spiral cams. When the needle is affixed to the syringe, the needle fins are inserted into the helical grooves and the needle screwed in until its hub is seated upon the tapered tip of the syringe. By making a further slight turn thereon, the edges of the fins engage the cams which constitute the edges of the helical grooves, thus locking the needle and preventing it from slipping or being pulled off. The claims of the patent are for the combination of a syringe with its tapered tip and projecting sleeve and a needle with its projecting fins.

Patent No. 1,793,068 is the result of a division of the application for the first patent. Claims 1, 2, 3, 4, 6, and 7 are in suit. They relate solely to the hypodermic needle used in the combination of the first patent. This needle they describe as the combination of a needle and a hub at the end of it having an interior tapered bore adapted to fit the tapered end of a syringe and having also outwardly projecting fins capable of entering and travelling along helical grooves.

The defendant does not manufacture or sell hypodermic syringes. He has, however, for many years manufactured and sold hypodermic needles and he freely concedes that he has manufactured and sold needles with outwardly projecting fins which fit perfectly into the helical grooves of plaintiffs' Luer-Lok syringes and which, therefore, clearly infringe the claims of Patent No. 1,793,068, if those claims are valid.

The district court held that both patents were valid and infringed. 25 F. Supp. 915. With its conclusion that the Luer-Lok involved invention and that Patent No. 1,742,497 is valid we fully agree. Indeed its validity is not seriously controverted by the defendant. The more serious questions in the case are whether the second patent is likewise valid and if not whether the defendant's needles nevertheless infringe the first patent.

As we have stated, Patent No. 1,793,068 claims only the needle and its attached hub, with its projecting fins designed to engage the spiral cams of the Luer-Lok syringe. It is a patent upon the needle only and not upon the inventive combination disclosed in the first patent and which we have referred to as the Luer-Lok. The only features of the needle claimed to be novel are the two projecting fins or flange segments. It clearly appears from the admissions of the plaintiff Dickinson, however, that even these features were not novel. The filing date of the original application was January 15, 1925. But Dickinson testified that prior to December 8, 1922 his company manufactured a needle with projecting flange segments which were like those of the Luer-Lok except the outside edges of the flanges were threaded to screw into a sleeve on the syringe. A few dozen syringes with needles of this type were distributed through dealers or directly by retail men to the doctors in order that they might be tried out. They did not prove successful and were supplanted later by syringes with the Luer-Lok, but, as we have said, the needles were the needles of the Luer-Lok combination with the wholly immaterial addition of the threaded flanges, a feature which would not in the slightest degree interfere with their use with the Luer-Lok syringe.

It thus appears by the plaintiffs' own testimony that Patent No. 1,793,068 was anticipated by the prior art and is void for want of novelty. We think it is also void for want of invention. Many needles of the prior art had a bead or flange around the entire hub. We see no spark of inventive genius involved in merely milling off this flange on two sides leaving two opposite segments or fins to cooperate with the helical grooves of the Luer-Lok. We accordingly conclude that the district court should have held the claims in suit of Patent No. 1,793,068 invalid.

There remains the question whether the needles manufactured by the defendant in-

fringed the claims of the original patent No. 1,742,497. This patent, as we have seen, covered only the combination of needle and syringe with the Luer-Lok device. The defendant admittedly dealt only in the needles. The district court held him guilty of contributory infringement in selling to persons owning Luer-Lok syringes needles capable of being used with those devices.

 It is clear from the evidence in this case that the needles used in these hypodermic syringes break or wear rapidly and must be discarded and replaced frequently. Consequently the purchasers of the patented Luer-Lok syringes had the right to replace the broken or worn out needles from any source and without further consent of the owner of the patent. Wilson v. Simpson, 9 How. 109, 50 U.S. 109, 13 L.Ed. 66; Heyer v. Duplicator Mfg. Co., 263 U.S. 100, 44 S. Ct.31, 68 L.Ed. 189; American Safety Razor Corp. v. Frings Bros. Co., 3 Cir., 62 F. 2d 416; Harris Calorific Co. v. Marra, 3 Cir., 95 F.2d 870. It follows that the defendant was entitled to supply such replacement needles without being guilty of contributory infringement. The case is identical with that of the safety razor blades involved in American Safety Razor Corp. v. Frings Bros. Co., supra. In that case this court quoted the applicable rule laid down long ago by Mr. Justice Wayne in Wilson v. Simpson, supra, 9 How. at page 126, 50 U.S. at page 126, 13 L.Ed. 66: "But if another constituent part of the combination is meant to be only temporary in the use of the whole, and to be frequently replaced, because it will not last as long as the other parts of the combination, its inventor cannot complain, if he sells the use of his machine, that the purchaser uses it in the way the inventor meant it to be used, and in the only way in which the machine can be used."

The plaintiffs point out that while the needles may frequently be broken or worn out the needle hubs are not affected; consequently, since the needle is held in the hub merely by friction, they argue that the owner of a syringe could replace the worn needle with a fresh one in the same hub. The difficulty with this argument, as the evidence clearly shows, is that it is not practicable for the individual physician who owns a hypodermic syringe to withdraw a worn out needle from its hub and insert a new needle therein. The operation can unquestionably be performed at the factory with the aid of special machinery but it is well nigh impossible for the ordinary owner with the facilities at his command. The almost universal practice is to discard the needle and hub together and to substitute in their place a new combined needle and hub. Indeed the term "hypodermic needle" appears to be used in the art to denote the combination, no distinction being made between the needle and the hub into which it is so securely inserted as to appear an integral part of it. We conclude that the district court should not have held the claims of Patent No. 1,742,497 infringed by the defendant.

The decree of the district court is affirmed insofar as it adjudges Patent No. 1,742,497 valid. Insofar as it adjudges Patent No. 1,742,497 infringed and Patent No. 1,793,- 068 valid and infringed, it is reversed.