SAGE PRODUCTS, INC.,
Plaintiff–Appellant,

v.

DEVON INDUSTRIES, INC.,
Defendant–Appellee.

No. 94–1274.

United States Court of Appeals,
Federal Circuit.

Jan. 26, 1995.

Rehearing Denied; Suggestion for Rehearing In Banc Declined March 6, 1995.

---

William M. Lee, Jr., Lee, Mann, Smith, McWilliams, Sweeney & Ohlson, Chicago, IL, argued, for plaintiff-appellant. With him on the brief were Jeffrey R. Gray and Paul A. Maddock.

Robert C. Weiss, Lyon & Lyon, Los Angeles, CA, argued, for defendant-appellee. With him on the brief were Kenneth H. Ohriner and David A. Randall.

Before MAYER, RADER and SCHALL, Circuit Judges.

MAYER, Circuit Judge.

Sage Products, Inc., appeals the order of the United States District Court for the Central District of California, *Sage Products, Inc. v. Devon Industries, Inc.,* No. 93–CV–2403 (Jan. 24, 1994), granting a motion for partial summary judgment that Devon Industries, Inc., did not contributorily infringe or induce infringement of United States Reissue Patent No. 33,413. We affirm.

*Background*

Sage Products is the assignee of United States Reissue Patent No. 33,413 (the '413 patent) entitled "Sharps Disposal System." The '413 patent claims a disposal system comprising an outer enclosure, which may be mounted on a wall, and a cooperating, removable inner container. The outer enclosure includes an elongated slot which permits access to the outer enclosure's interior. The removable inner container has an opening in registration with the elongated slot of the outer enclosure and is placed inside the outer enclosure to receive disposed items. When the inner container is full, it is removed from the outer enclosure. The removable inner container is an unpatented element of the '413 combination.*

The '413 specification explains that the "invention relates to disposal of contaminated

---

* Sage's inner container is the subject of a design patent not at issue here.

items," particularly those associated with sharp instruments (sharps) commonly used in the medical field. The specification also states that the inner container is intended to be disposable and is preferably discarded when full. Proper disposal, such as incineration, of filled inner containers prevents improper reuse of, and possible contamination and spread of disease from, disposed instruments. The specification therefore suggests that the inner container be constructed of a plastic, such as polypropylene, which when combusted produces only carbon dioxide and water.

In harmony with the '413 patent specification, Sage intends that its customers remove and discard the inner container when the inner container is full. It marks a "BIOHAZARD—SINGLE USE ONLY" warning on the containers and Sage's literature instructs its customers to discard filled inner containers. Sage also actively campaigns against reuse of inner containers and has even refused to sell directly to buyers which reuse the containers.

Although the '413 patent discourages reuse, it is physically possible to empty, clean, and reuse the Sage commercial embodiment of the inner container. This practice, however, is difficult and often results in damage to the inner container.

Because Sage intended its inner containers to be removable and disposable, it is not surprising that in addition to selling the patented combination as a unit, Sage also sells replacement inner containers. Because outer enclosures could last indefinitely under normal use, Sage sells far more inner containers than combinations of inner container and outer enclosure. The sale of replacement inner containers is a sizable market; Sage claims that its sharps disposal systems are used in over half of the hospitals in the United States.

Devon manufactures and sells an inner container which may be used with either a wall bracket, also manufactured by Devon, or with the outer enclosure of the Sage system. Devon does not manufacture an outer enclosure which, together with Devon's inner container, would infringe the claims of the '413 patent.

Sage brought this suit alleging that hospitals directly infringe the claims of the '413 patent by using Devon replacement containers with the Sage outer enclosure and that Devon is therefore inducing infringement of and/or contributorily infringing the '413 patent. On Devon's motion for partial summary judgment, the district court held that there was no genuine issue of material fact about whether the inner container was a disposable element of the patented combination, and that replacing the container constituted permissible repair of the Sage system. Since hospitals did not directly infringe the '413 patent, the district court held that Devon is not liable for either contributory or induced infringement. Sage appeals.

## Discussion

On appeal, Sage must establish that the district court erred in determining that there were no genuine issues of material fact or erred in determining that Devon was entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Everpure, Inc. v. Cuno, Inc.*, 875 F.2d 300, 302, 10 USPQ2d 1855, 1856 (Fed.Cir.1989); *Dana Corp. v. American Precision Co.*, 827 F.2d 755, 758, 3 USPQ2d 1852, 1854 (Fed.Cir.1987). Any doubt about the existence of material issues of fact must be resolved in favor of Sage, the party opposing summary judgment. *Dana Corp.*, 827 F.2d at 758, 3 USPQ2d at 1854. When there are no genuine issues of material fact, "the question of whether the defendant's conduct constituted permissible repair is answerable as a question of law." *Id.*

■ To prove induced or contributory infringement, Sage must prove that users of Devon's replacement inner container directly infringe the '413 patent. 35 U.S.C. § 271(b), (c) (1988); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592, 128 USPQ 354, 357 (1961). Sage therefore alleges that hospitals which replace the removable inner containers of its patented combination with Devon's containers are impermissibly reconstructing the '413 combination. In its defense, Devon maintains that replacement of the unpatented inner container, once it is full of medical

waste, is permissible repair of the combination because the inner container is essentially a disposable replacement part of the patented combination.

The Supreme Court has taken an expansive view of conduct that constitutes permissible repair of a patented combination of unpatented elements. In *Aro Manufacturing Co. v. Convertible Top Replacement Co.,* 365 U.S. at 346, 81 S.Ct. at 604, 128 USPQ at 359, the Court stated that "[m]ere replacement of individual unpatented parts, one at a time, whether of the same part repeatedly or different parts successively, is no more than the lawful right of the owner to repair his property." The size or relative importance of the replacement part to the patented combination is not relevant when determining whether conduct constitutes repair or replacement. "[T]hat an unpatented part of a combination patent may distinguish the invention does not draw to it the privileges of a patent.... However worthy it may be, however essential to the patent, an unpatented part of a combination patent is no more entitled to monopolistic protection than any other unpatented device." *Aro,* 365 U.S. at 345, 81 S.Ct. at 604, 128 USPQ at 359 (quoting *Mercoid Corp. v. Minneapolis–Honeywell Regulator Co.,* 320 U.S. 680, 684, 64 S.Ct. 278, 280, 88 L.Ed. 396, 60 USPQ 30, 32 (1944)). The Court has thus "eschewed the suggestion that the legal distinction between 'reconstruction' and 'repair' should be affected by whether the element of the combination that has been replaced is an 'essential' or 'distinguishing' part of the invention." *Dawson Chem. Co. v. Rohm & Haas Co.,* 448 U.S. 176, 217, 100 S.Ct. 2601, 2624, 65 L.Ed.2d 696, 206 USPQ 385, 405 (1980).

■ Nor is the doctrine of repair limited to temporary or minor repairs. It encompasses any repair that is necessary for the "maintenance of the 'use of the whole' of the patented combination through replacement of a spent, unpatented element." *Aro,* 365 U.S. at 346, 81 S.Ct. at 604, 128 USPQ at 359. This court has consistently applied this broad interpretation of the doctrine. *See FMC Corp. v. Up–Right, Inc.,* 21 F.3d 1073, 1078, 30 USPQ2d 1361, 1364 (Fed.Cir.1994); *Everpure,* 875 F.2d at 303, 10 USPQ2d at 1857; *Porter v. Farmers Supply Serv., Inc.,* 790 F.2d 882, 885–86, 229 USPQ 814, 816 (Fed. Cir.1986).

Sage does not suggest that replacing a damaged inner container is reconstruction. Instead, it argues that a dispute existed about whether undamaged containers were in fact spent, used up, or in need of repair at all as a result of being filled with medical waste. It concludes that because it is physically possible, although difficult, to reuse the inner containers supplied with the combination, replacing them is reconstruction. In support, Sage offers evidence that inner containers could be reused and were, in fact, reused by a handful of hospitals. It therefore claims that the district court inappropriately granted Devon's motion for summary judgment because a genuine issue of material fact existed.

The argument rings hollow in light of the specification of the '413 patent and Sage's marketing of its sharps disposal units. The '413 patent teaches replacement of a disposable inner container that is preferably constructed to be easily incinerated. The label on Sage's own inner containers warn that they are for "BIOHAZARD—SINGLE USE ONLY." Sage admitted that it intended that its customers not reuse its containers and has refused to deal directly with distributors and users who do. Clearly, the company does not consider it wise or even reasonable to reuse its containers. That a hospital might replace some containers before they are completely filled is of no significance. It might be prudent to replace an expendable element before it has been completely exhausted.

■ This court has never said that an element is spent only when it is impossible to reuse it. Like the district court, we believe that when it is neither practical nor feasible to continue using an element that is intended to be replaced, that element is effectively spent. *See Everpure,* 875 F.2d at 303, 10 USPQ2d at 1857. When the inner containers marketed by Sage are filled they are effectively spent and the user may replace them without infringing the '413 patent. There is no unresolved fact issue here.

Sage says the claims of the '413 patent do not claim a "disposable" inner container, only a "removable" one, and therefore urges us to read the claims broadly and find that it could, in the future, develop this patented combination into a system for disposal of waste that is not dangerous. In that event, Sage suggests there would be no reason for disposing of the inner container and replacement would constitute impermissible reconstruction. If those were the facts, our conclusion that this is permissible repair might be different. See *FMC Corp.*, 21 F.3d at 1078–79, 30 USPQ2d at 1365. But here, following the teaching of the '413 patent, Sage commercialized a unit designed for safe removal and disposal of hazardous waste. It intended that its customers dispose of inner containers and went to great lengths to ensure that they did.

This case parallels the facts in *Everpure*, 875 F.2d 300, 10 USPQ2d 1855, and *Porter*, 790 F.2d 882, 229 USPQ 814. As in those cases, Sage holds a patent on a combination of unpatented elements. At a minimum, it knows that buyers of the combination would be prudent to periodically replace one of the combination's unpatented elements—here the inner container—which is spent in the process of using the combination. Sage, itself, manufactures replacement elements and forcefully urges owners of the combination to periodically purchase those replacements. And Sage would have this court hold that replacing the unpatented element with a similar one from another company is impermissible reconstruction of the patented combination.

Under similar circumstances *Everpure* and *Porter* held that users replacing exhausted elements did not directly infringe the patented combination. *Everpure*, 875 F.2d at 303, 10 USPQ2d at 1857; *Porter*, 790 F.2d at 885–86, 229 USPQ at 816–17. We think the same result is compelled here. Sage wants to hold Devon liable for contributory and induced infringement for supplying a replaceable, unpatented element which Sage itself sells and recommends replacing. It thus seeks to keep for itself a market in parts which are intended to be periodically replaced—this is no more than an attempt to expand patent rights to an unpatented product. "It is at least difficult to accept the notion that one who purchases a disposable [element of a product] under instructions to replace it [periodically] is guilty of infringement when the buyer does precisely that." *Everpure*, 875 F.2d at 303, 10 USPQ2d at 1857.

*Conclusion*

Accordingly, the judgment of the United States District Court for the Central District of California is affirmed.

*AFFIRMED.*